# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK
_____

ICM CONTROLS CORP., et al.

                                Plaintiffs,

    v.                                                  5:12-CV-1766 (LEK/ATB)

HONEYWELL INTERNATIONAL, INC., et al.

                                Defendants.
_____

RACHEL ZIMMERMAN SCOBIE, ESQ., et al., for Plaintiffs
MATTHEW L. WOODS, ESQ., et al., for Defendants


ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

# DECISION AND ORDER

On February 13, 2020, defendants filed a letter motion to amend their invalidity contentions pursuant to Local Patent Rule 3.6(a). (Dkt. No. 337). Plaintiffs have opposed that motion by letter brief dated February 21, 2020. (Dkt. No. 341). For the reasons stated below, defendants' motion is denied.

As Senior District Judge Kahn noted, in his May 10, 2018 Memorandum-Decision and Order (at 22-23):

> Local Patent Rule 3.6(a) allows for amendments to infringement [or invalidity] contentions upon an "order of the Court" following "a timely application and showing of good cause." . . . [A]s Defendant rightly points out, "whether such leave shall be granted is within the discretion of the Court depending on the movant's demonstration of diligence and good cause."

(Dkt. No. 183 (*citing, inter alia, O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,

467 F.3d 1355, 1366 (Fed. Cir. 2006)). District Judge D'Agostino, in applying the good cause standard under Fed. R. Civ. P. 16(b) in a non-patent case, observed:

> Although the moving party's diligence is a district court's "primary consideration" in its . . . good cause inquiry, a court "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." . . . An amendment is prejudicial to the non-moving party if it "would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'"

(citations omitted). *See also MASS Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286-87 (E.D. Tex. 2008)[1] (considering diligence and prejudice under Rule 16(b) good cause standard applied in the context of a belatedly filed invalidity contention); *Chemfree Corp. v. J. Walter, Inc.*, No. 1:04-CV-3711, 2008 U.S. Dist. LEXIS 93376, at *15-16 (N.D. Ga. Aug. 26, 2008) (considering diligence and prejudice in applying the "substantial justification" standard of a local patent rule for amending invalidity contentions, which the court found similar to the "good cause" standard in the local patent rules of the Northern District of California).

Defendants contend that their proposed amendment is "limited to adding: 1) one United States Patent, for the purpose of charting against the asserted claims of the `645 patent, and 2) two published articles for the purpose of better defining the level of ordinary skill in the art at the time of the alleged invention." (Def.s' Ltr. Motion at 1).

---

[1] Given the paucity of binding precedent in this Circuit and District with respect to certain aspects of patent law, the court will rely on persuasive authority from other districts.

Defendants argue that they had good cause to belatedly seek to amend their invalidity contentions because "[f]irst, Judge Kahn issued an order on December 3, 2019 noting that, at the summary judgment phase of litigation, the "parties will have acquired a full understanding of the issues and terms in dispute" such that the will be able to provide the Court "with a comprehensive factual background and focused arguments . . ." (*Id.* (citing Dkt. No. 316 at 35-36)). Second, defendants state that:

> Defendants' replacement technical expert (engaged in December 2019 following the passing of prior expert Thomas Gafford) completed an independent review of the current contentions in January 2020 and concluded that, in light of the Court's rulings on claim construction and ICM's amended infringement contentions, these additional references would support his explanation why ICM's doctrine of equivalents theory sweeps in the prior art.

(*Id.* at 1-2). Finally, defendants maintain that plaintiffs will not be prejudiced by these amendments because the three additional references are "modest" and "originate from the same technical field as those previously charted references;" and because "there [are] still several months before ICM's June 1, 2020 deadline to respond, giving its technical expert ample time to consider them." (*Id.* at 2).

Plaintiffs' letter brief persuasively rebuts defendants' arguments. The quoted passage from Judge Kahn's December 2019 decision explained why he was not granting defendants' request to engage in claims construction except in connection with a possible last round of dispositive motions; that language certainly did not authorize either party to modify their theories of the case at the tail end of fact discovery in a case that has been pending since 2012. (*See* Pl.s' Ltr Motion at 3). The

3

defendants did not demonstrate diligence in their failure to previously address, in the invalidity contentions or otherwise, the additional "Kosich `069" patent, which was issued in August 1994, or the two articles, which were published in 1983. (*See* Pl.s' Ltr Motion at 2; Def.s' Exs. B-D, Dkt. Nos. 337-2, 337-3, & 337-4). The fact that defendants' replacement expert found additional prior art and publications that he deemed relevant to the validity of the `645 patent provided no justification for why the defendants or their prior expert did not marshal the same evidence from at least 25 years ago in a more timely fashion.[2] The defendants may not exploit the need to replace a deceased expert as an excuse to belatedly make significant changes to their invalidity theories. *See, e.g.*, *Apple v. Samsung Elecs. Co.*, No. C 11-1846, 2012 U.S. Dist. LEXIS 190470, at \*61-65 (N.D. Cal. June 27, 2012) (striking numerous expert opinions of invalidity based on theories not previously disclosed in the defendant's invalidity contentions); *Chemfree Corp. v. J. Walter, Inc.,* 2008 U.S. Dist. LEXIS 93376, at \*13-16 (N.D. Ga. Aug. 26, 2008) (denying leave to amend invalidity contentions to incorporate input from a technical expert where the original invalidity contentions were prepared without expert consultation).

---

[2] In the parallel context of inter partes review ("IPR"), a party challenging a patent through IPR is statutorily estopped from raising in litigation any alleged grounds of invalidity that it raised "or reasonably could have" raised in its IPR petition. 35 U.S.C. § 315(e)(2). Courts interpreting this provision have held that "a petitioner is subject to IPR estoppel when it fails to raise . . . prior art that a 'skilled searcher conducting a diligent search reasonably could have been expected to discover.'" *Cal. Inst. of Tech. v. Broadcom Ltd.*, No. CV 16-3714, 2018 U.S. Dist. LEXIS 221754, at \*17 (C.D. Cal. Dec. 28, 2018) (citation omitted)).

Defendants try to suggest that they had good cause to wait until plaintiffs were "locked into a construction" of the claim term "actuate" under the doctrine of equivalents before researching, discovering, and relying upon the additional patent and articles they now wish to include in their invalidity contentions. (Def.s' Ltr. Motion at 3-4). However, the plaintiffs' were allowed to amend their infringement contentions to reflect their position under the doctrine of equivalents based on Judge Kahn's decision on May 10, 2018. (Dkt. No. 183). Defendants had an opportunity to amend their invalidity contentions thereafter, on June 29, 2018. (Pl.s' Ltr. Motion at 4).

In declining to engage in further claims construction of the term "actuate" in his December 3, 2019 opinion (at p. 35) Judge Kahn noted that ICM's prior briefing–on May 17, 2019–made its position on the construction of "actuate" "crystal clear." (Dkt. No. 316).[3] In fact, plaintiffs agreed to be bound by the construction of "actuate" that they presented during various proceedings involving the Patent and Trademark Office ("PTO"), during prior conferences before this court as early as December 2018. (See Dkt. No. 213 at 7-8, 25 (Tr. of 12/19/2018 conf.); Dkt. No. 276 at 17-20 (Tr. of 7/29/2019 conf.); Dkt. No. 252-2 (summarizing ICM's construction of "actuate" during PTO proceedings). So, defendants were aware of plaintiff's construction of

---

[3] *See* Pl.s' Memorandum in Opposition to Honeywell and Resideo's Motion to Supplement Their First Amended Answer at p. 3 (Dkt. No. 256) "(Every time ICM has discussed actuation it has explained that actuation requires not just the transfer of energy, but rather the transfer of energy to power an actuator device. The mere transfer of energy from a coil to a capacitor is not actuation–capacitors are passive devices that merely store energy. But the transfer of energy from a coil through a capacitor, wherein that energy is used to power (i.e., turn on, activate, render active) an actuator device, is actuation."

5

"actuate" in connection with their claims under the doctrine of equivalents no later than (and likely well before) May 2019, but did not raise the issue of supplementing their invalidity contentions until early 2020. (See Dkt. No. 332). This delay does not reflect diligence, and suggests "gamesmanship" at the tail end of the discovery process. *See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d at 1367 (affirming district court finding of lack of diligence where O2 Micro waited almost three months after purportedly learning crucial information from a deposition to serve its proposed amended contentions and two more weeks to formally move to amend); *MASS Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. at 286-87 (allowing MASS to delay its invalidity contentions until long after it became aware of the parties conflicting claims constructions would encourage future accused infringers to "sidelin[e]" potential invalidity defenses; "[s]uch gamesmanship is not tolerated in this Court").

The court agrees with plaintiffs that defendants' purportedly "limited" supplementation to their invalidity contentions is, in fact, very substantive, and would prejudice plaintiffs at this late stage of the proceedings. The last 20 pages of defendants' supplemental contentions (pp. 195-216) adds a new theory of invalidity–that ICM's assertion of infringement of the `645 patent under the doctrine of equivalents is "invalid as anticipated" by the Kosich`069 patent.[4] (Ex. A, Dkt. No.

---

[4] Only brief segments of this new section of the contentions seem to focus on the nuances of ICM's construction of "actuate," which construction purportedly motivated defendants' efforts to supplement. (Ex. A at 198-99, 205-06).

337-1). The parties have been intensively pursuing fact discovery since May 2018, by which point plaintiffs had been granted leave to amend their infringement contentions under the doctrine of equivalents. As previously noted, defendants had an opportunity to amend their invalidity contentions shortly thereafter. (Pl.s' Ltr. Motion at 4).

Plaintiffs state that their strategy in planning and conducting discovery and working with their experts since mid-2018, as well as their earlier positions with respect to claims construction and summary judgment motions were strongly influenced by the defendants' prior invalidity contentions. (*Id.* at 4-5). They also assert that, if required to address the new theory that the Kosich `069 patent anticipated the claims of the `645 patent, they might need to conduct additional fact discovery, which would disrupt the tight schedule in place to complete discovery and other pretrial proceedings. (*Id.*)[5] Plaintiffs persuasively demonstrate that they would be significantly prejudiced by defendants' belated reliance on new prior art as a basis for their invalidity defenses. *See, e.g., Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. at 287 (finding amendments to invalidity contentions would be "highly

---

[5] The court recognizes that the current schedule for completion of discovery will likely need to be extended because of the COVID-19 epidemic. However, allowing defendants to pursue their new invalidity theory would further complicate and prolong discovery and the completion of pretrial proceedings. A continuance would not eliminate the prejudice to plaintiffs, who have been litigating this case for more than seven years. *See Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. at 287 ("[A] continuance would most likely not cure DMLP's prejudice. Unlike the typical case of amending invalidity contentions, MASS is seeking to add a previously undisclosed defense. . . . While enough time and resources will eventually cure any prejudice, this would not contribute to a just and speedy determination of the merits.")

prejudicial" where "the additional prior art references may give rise to new claim construction issues"); *L.C. Eldridge Sales Co. v. Azen Mfg. Pte.*, No. 6:11-cv-599, 2013 U.S. Dist. LEXIS 186309, at *16-17 (E.D. Tex. Oct. 11, 2013) (plaintiff would be prejudiced by proposed amendment of invalidity contentions because "[d]efendants simply have delayed too long to assert prior art that is listed in the patent in suit"); *Chemfree Corp. v. J. Walter, Inc.*, 2008 U.S. Dist. LEXIS 93376, at *15 (rejecting the defense argument that plaintiff would not be prejudiced by allowing them to belatedly include additional prior art references in their invalidity contentions; "[i]f the Court were to accept Defendants' . . . argument, parties would always be permitted to explain their invalidity contentions at the eleventh hour[,]" which would cut against the express purpose of the Patent Local Rules, which seek to "facilitate the speedy, fair and efficient resolution of patent disputes")[6]

**WHEREFORE,** based on the findings above, it is

**ORDERED** that, defendants' motion to amend their invalidity contentions (Dkt. No. 337) is **DENIED**, and it is further

**ORDERED** that pending the resolution of any appeal of this Decision and Order, discovery shall continue, subject to likely modifications of the pending deadlines as the court addresses other pending non-dispositive motions.

---

[6] The Northern District of New York Local Patent Rules similarly are intended "to ensure just, efficient, and economical handling" of patent cases. Local Patent Rule 1.1.

Dated: April 3, 2020

                                            Hon. Andrew T. Baxter
                                            U.S. Magistrate Judge