UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ICM CONTROLS CORP., *et al.*,

                      Plaintiffs,

        -against-                            5:12-CV-1766 (LEK/ATB)

HONEYWELL INTERNATIONAL INC,
*et al.*,

                      Defendants.

---

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

This case is a long-running patent dispute between plaintiffs ICM Controls Corp. and

International Controls and Measurements Corp. (together, "ICM" or "Plaintiffs"), and defendants

Honeywell International, Inc. and Resideo Technologies, Inc. (together, "Honeywell" or

"Defendants").[1] ICM currently accuses Honeywell of infringing one patent related to ignition

systems for gas furnaces. Dkt. No. 7 ("Amended Complaint"); U.S. Patent No. 5,889,645 (the

"'645 Patent").

Presently before the Court is Honeywell's second motion for summary judgment on the

basis of noninfringement of the '645 Patent.[2] Dkt. Nos. 396 ("Honeywell's Motion for Summary

Judgment"); 396-2 ("Honeywell Memorandum"); 407 ("ICM's Opposition"); 421 ("Honeywell's

Reply"). In addition, Honeywell moves to preclude an expert declaration by Dr. William R.

---

[1] Resideo was added as a defendant in April 2019, after Honeywell spun off Resideo and
assigned it aspects of Honeywell's business relevant to this suit. Dkt. Nos. 249, 251. For
consistency, the Court continues to refer to Defendants as "Honeywell," as it has in previous
opinions.

[2] The Court will resolve ICM's motion for summary judgment, Dkt. No. 392, in a
separate decision.

Eisenstadt filed by ICM in support of its opposition to Honeywell's Summary Judgment Motion. Dkt. Nos. 420 ("Honeywell's Motion to Preclude"); 420-1; 426; 427.

For the reasons that follow, the Court denies Honeywell's Motion for Summary Judgment as being untimely. Because the Court does not reach the merits of Honeywell's Motion for Summary Judgment, it does not analyze Dr. Eisenstadt's expert declaration, and, thus, the Court denies Honeywell's Motion to Preclude as moot.

## II. BACKGROUND

A detailed account of this case's facts and procedural history can be found in the Court's June 14, 2017 summary judgment decision, Dkt. No. 146 ("June 2017 Memorandum-Decision and Order"), and its December 3, 2019 decision, Dkt. No. 316 ("December 2019 Memorandum-Decision and Order"). The Court will not repeat the full case history here, but only those parts most relevant to this decision.

This case is a patent dispute stemming from Honeywell's alleged infringement of two ICM patents related to ignition circuits for gas furnaces. See June 2017 Mem.-Decision and Order at 1–2; '645 Patent; U.S. Patent No. 6,222,719 (the "'719 Patent"). ICM's patents include claim limitations based on the root word "actuate," as its patented circuits use coils to "actuate" other elements of the circuit and, eventually, turn on a gas furnace. See '645 Patent col. 9 ll. 6–34.

Since ICM filed this action in 2012, the parties have litigated this dispute in several forums. In 2014, at Honeywell's behest, the U.S. Patent and Trademark Office ("USPTO") instituted an inter partes review of the '719 Patent. See Dkt. No. 80. The inter partes review was not resolved until 2016 when the Federal Circuit affirmed the USPTO's decision that the allegedly infringed claims in the '719 Patent were unpatentable. See Honeywell Int'l Inc. v. Int'l

Controls & Measurements Corp., No. IPR2014-219, 2015 WL 1504850 (P.T.A.B. Apr. 1, 2015); Int'l Controls & Measurements Corp. v. Honeywell Int'l Inc., 642 F. App'x 980 (Fed. Cir. 2016) (summary order).

Back in this Court, Honeywell filed a motion for summary judgment in April 2016 based on the noninfringement of the '645 Patent. Dkt. No. 96. ICM then decided to file its own partial summary judgment motion in February 2017, seeking a finding of infringement by Honeywell and construction of the disputed terms. Dkt. No. 128. The Court denied both motions in its June 2017 Memorandum-Decision and Order. In this same order, the Court noted the protracted length of this case and held that in the future either party would need to request leave of the Court before filing summary judgment motions in order to limit the unbridled litigation in this action. June 2017 Mem.-Decision and Order at 49–50.

Before filing its present summary judgment motion, Honeywell did request leave of this Court. Dkt. No. 389. In its request, Honeywell argued that good cause existed for a summary judgment motion because ICM amended their infringement contentions to allege infringement under the doctrine of equivalents ("DOE") and in Honeywell's previous summary judgment motion it was unable to raise noninfringement arguments relating to the DOE. Id. at 2. The Court found good cause and granted Honeywell leave. See id.

## III.   LEGAL STANDARD

### A. Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986). The party moving for summary judgment bears the initial burden of showing, through the production of

admissible evidence, that no genuine issue of material fact exists. Salahuddin v. Gourd, 467 F.3d 263, 272–73 (2d Cir. 2006). The movant may meet this burden by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. Salahuddin, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998).

**B. Doctrine of Equivalents**

"The doctrine of equivalents covers accused structures that perform substantially the same function in substantially the same way with substantially the same results." Ring & Pinion Service Inc. v. ARB Corp. Ltd., 743 F.3d 831, 835 (Fed. Cir. 2014). This differs from literal infringement where a party must prove that "each limitation of the [asserted] claim . . . [is] present in the accused device." Telemac Cellular Corp. v. Topp Telecom, Inc., 247 F.3d 1316, 1330 (Fed. Cir. 2001).

## IV. DISCUSSION

### A. Honeywell's Motion for Summary Judgment

ICM asserts three independent claims from the '645 Patent that all require both "a first relay actuator coil for actuating one of said devices" and "a negative resistance device." See Dkt.

96-5 ("ICM's Infringement Contentions"). In Honeywell's Motion for Summary Judgment it asserts that it is entitled to a summary judgment finding of noninfringement because ICM has not, and cannot, show that Honeywell's accused products satisfy either of these limitations. Honeywell Mem. at 4. Specifically, Honeywell asserts that the flame sense rod that is allegedly actuated has no physical output and is, thus, not an "actuator device." Id. In addition, Honeywell asserts that ICM has failed to establish that Honeywell's accused products exhibit a region of negative differential resistance. Id.

ICM argues that because Honeywell's second summary judgment motion for noninfringement is not based on any new law or facts learned during discovery, it is an improper serial motion for summary judgment and should be denied. ICM's Opp'n at 1. In other words, Honeywell could have brought these same arguments for noninfringement forward in its first summary judgment motion in 2016, but it chose not to, and its attempt at a "do over" should be denied. Id. at 2.

The Court agrees with ICM. In its June 2017 Memorandum-Decision and Order, over four years ago, the Court noted that some restraint was required due to "the protracted length of this case and the parties' unbridled litigiousness." June 2017 Mem.-Decision and Order at 50. In analyzing future summary judgment motions, the Court said it would "look to whether the grounds for summary judgment could have been raised in or were foreseeable at the time of these earlier motions." Id. Honeywell's Motion for Summary Judgment is exactly the type of motion the Court previously warned against.

The Court previously granted Honeywell leave to file a motion for summary judgment for noninfringement under the DOE. Dkt. No. 389. However, while good cause existed to file a motion for summary judgment addressing DOE-specific arguments, the noninfringement

arguments put forth by Honeywell in the present motion are not unique to the DOE and are not based on new information. Thus, Honeywell's arguments could have been presented in its first summary judgment motion for literal noninfringement.

The Local Patent Rules require that a party opposing a claim of patent infringement disclose whether each claim element is present in the accused products, and, if not, identify "the reason for such denial and the relevant distinctions. L. Pat. R. 3.3(a). "The Local Patent Rules' purpose . . . is to compel parties to crystallize their theories of the case early in the litigation and adhere to these theories once they have been disclosed." Briggs & Stratton Corp. v. Chongqing Rato Power Co., No. 13-CV-0316, 2014 WL 4888266, at *12 (N.D.N.Y. Sept. 30, 2014) (Kahn, J.) (internal citation and quotation marks omitted).

Although Honeywell previously argued that their flame sense rod was not an actuator device, it never explained that its underlying reasoning was because an "actuator device" must have a "physical output." Reply at 6. Instead, Honeywell argued that the flame sense rod was not an actuator device because it was not actuated by the first relay actuator coil separate from the igniter and was not actuated by completing a separate electronic circuit. Reply, Ex. 12 at 21, 44. In addition, for a "negative resistance device," Honeywell previously argued that the threshold voltage must be an unchanging attribute of the negative resistance device, such that no gate voltage is required for the device to conduct. Dkt. No. 96-2 at 23. Now, they argue that ICM has presented no evidence that the silicon-controlled rectifier ("SCR") of the accused products exhibits a region of negative differential resistance during the operation of the accused products. Honeywell Mem. at 19. The Local Patent Rules are designed to prevent such a change in noninfringement arguments absent new information. See Briggs & Stratton Corp., 2014 WL 4888266, at * 12 (holding that deviating from the infringement contentions at a summary

judgment stage in litigation, without a prior motion for amendment, is not allowed). The Court

previously addressed Honeywell's original noninfringement theories relating to an "actuator

device" and "negative resistance device." <u>See</u> June 2017 Mem.-Decision and Order at 31–40,

47–49. To allow Honeywell "to submit successive summary judgment motions on issues

neglected in the first instance simply because they assert that [ICM]'s claims lack merit . . .

would essentially remove the incentive for filing a well-reasoned motion that puts forth a party's

most persuasive arguments in the first instance." <u>Johnson v. Gagnon</u>, No. 14-CV-916, 2016 WL

5408161, at *3 (N.D.N.Y. Sept. 28, 2016); <u>see</u> <u>Campers' World Int'l, Inc. v. Perry Ellis Int'l,</u>

<u>Inc.</u>, 221 F.R.D. 409, 409 (S.D.N.Y. 2004) ("[I]t is improper for a party to file a successive

motion for summary judgment which is not based upon new facts and which seeks to raise

arguments it could have raised in its original motion."). The Court will not now entertain

Honeywell's new theories of noninfringement first introduced at this late stage of litigation and

that are not based upon new facts.[3]

Because the Court does not reach the merits of Honeywell's Motion for Summary

Judgment, it does not analyze Dr. Eisenstadt's expert declaration, and, thus, the Court denies

Honeywell's Motion to Preclude as moot.

---

[3] Honeywell argues that its present summary judgment motion is based on new facts that
were not previously available at the time it filed its first motion for summary judgment. Reply at
12–13. These new facts are supposed agreements between Honeywell's and ICM's experts over
the scope of "actuator device" and "negative resistance device." <u>Id.</u> In addition, Honeywell
asserts that ICM failed to put forth evidence rebutting Honeywell's presently asserted theories
for noninfringement of an "actuator device" and "negative resistance device." <u>See</u> <u>id.</u> However,
regardless of a purported agreement between experts, Honeywell should have articulated these
infringement theories earlier in compliance with Local Patent Rule 3.3(a). <u>See</u> <u>Briggs & Stratton</u>
<u>Corp.</u>, 2014 WL 4888266, at * 12. Furthermore, ICM could not have rebutted Honeywell's
arguments at an earlier time because Honeywell only asserted these particular noninfringement
arguments in its present motion.

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Honeywell's Motion for Summary Judgment (Dkt. No. 396) is

**DENIED in its entirety**; and it is further

**ORDERED**, that Honeywell's Motion to Preclude (Dkt. No. 420) is **DENIED as moot**;

and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:       July 1, 2021

Albany, New York

LAWRENCE E. KAHN
United States District Judge