UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ICM CONTROLS CORP., *et al.*,

       Plaintiffs,

 -against-            5:12-CV-1766 (LEK/ATB)

HONEYWELL INTERNATIONAL INC,
*et al.*,

       Defendants.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

 This case is a long-running patent dispute between plaintiffs ICM Controls Corp. and International Controls and Measurements Corp. (together, "ICM" or "Plaintiffs"), and defendants Honeywell International, Inc. and Resideo Technologies, Inc. (together, "Honeywell" or "Defendants").[1] ICM currently accuses Honeywell of infringing one patent related to ignition systems for gas furnaces. Dkt. No. 7 ("Amended Complaint"); U.S. Patent No. 5,889,645 (the "'645 Patent").

 Presently before the Court is ICM's motion to preclude the opinions offered by Honeywell's expert James Dickens. Dkt. Nos. 393 ("Motion"); 393-1 (ICM's Memorandum"); 393-12 ("Dickens Report"); 410 ("Opposition"); 415 ("Reply"). For the reasons that follow, the Court grants ICM's Motion in part and denies in part.

**II. BACKGROUND**

---

[1] Resideo was added as a defendant in April 2019, after Honeywell spun off Resideo and assigned it aspects of Honeywell's business relevant to this suit. Dkt. Nos. 249, 251. For consistency, the Court continues to refer to Defendants as "Honeywell," as it has in previous opinions.

A detailed account of this case's facts and procedural history can be found in the Court's June 14, 2017 summary judgment decision, Dkt. No. 146 ("June 2017 Memorandum-Decision and Order"), and its December 3, 2019 decision, Dkt. No. 316 ("December 2019 Memorandum-Decision and Order").

### III.   LEGAL STANDARD

Under Rule 702 of the Federal Rules of Evidence, the Court is charged with a "gatekeeping" obligation with respect to expert testimony. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). The trial judge must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Id. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "To determine whether a witness qualifies as an expert, courts compare the area in which the witness has superior knowledge, education, experience, or skill, with the subject matter of the proffered testimony." United States v. Tin Yat Chin, 371 F.3d 31, 40 (2d Cir. 2004). "Generally speaking, expert qualifications are liberally construed." Rondout Valley Cent. Sch. Dist. v. Coneco Corp., 321 F. Supp. 2d 469, 474 (N.D.N.Y. 2004) (citations omitted).

"Under *Daubert*, factors relevant to determining reliability include the theory's testability, the extent to which it has been subjected to peer review and publication, the extent to which a technique is subject to standards controlling the technique's operation, the known or potential rate of error, and the degree of acceptance within the relevant scientific community."

Restivo v. Hessemann, 846 F.3d 547, 575–576 (2d Cir. 2017) (internal quotation marks and citations omitted). The reliability inquiry is a "flexible one," Daubert, 509 U.S. at 594, and the factors to be considered "depend[] upon the particular circumstances of the particular case at issue," Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 150 (1999). "In undertaking this flexible inquiry, the district court must focus on the principles and methodology employed by the expert, without regard to the conclusions the expert has reached or the district court's belief as to the correctness of those conclusions." Amorgianos v. Natl. R.R. Passenger Corp., 303 F.3d 256, 266 (2d Cir. 2002). "Thus, when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony. Id. In other words, "[a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997). "Frequently, though, 'gaps or inconsistencies in the reasoning leading to [the expert's] opinion . . . go to the weight of the evidence, not to its admissibility.'" Restivo, 846 F.3d at 577 (quoting Campbell ex rel. Campbell v. Metro. Prop. & Cas. Ins. Co., 239 F.3d 179, 186 (2d Cir. 2001)).

**IV.    DISCUSSION**

For the reasons that follow, the Court excludes the portions of the Dickens Report discussing that an actuator device requires movement. ICM's Motion is denied in all other respects.

**A. Invalidity Opinions**

In light of the Court's recent decision, Dkt. No. 433, granting ICM's motion for summary judgment on Honeywell's invalidity claims, Dr. Dickens's invalidity opinions are now moot. Therefore, ICM's Motion with respect to this portion of the Dickens Report is denied as moot.

### B. Actuation Must Produce a Physical Output

ICM contends that Dr. Dickens should be precluded from testifying that an actuator device must produce physical movement because this argument was never previously disclosed. See ICM's Mem. at 19–20. In the Court's prior decision, it found that Honeywell did not previously disclose its argument that an actuator device must produce a physical output. See Dkt. No. 428 ("July 1, 2021 Memorandum-Decision and Order") at 4–7. The arguments put forth here are largely duplicative of the arguments addressed in the Court's prior decision. See id. Consistent with the July 1, 2021 Memorandum-Decision and Order, the Court finds that Dr. Dickens's testimony discussing that an actuator device must produce a physical output should be excluded. For this reason, the Court grants ICM's Motion to exclude this portion of Dr. Dickens's report.

### C. Waveforms Generated by Simulating Circuits

ICM also seeks to preclude Dr. Dickens's infringement circuit simulations. ICM alleges that Dr. Dickens's simulated waveforms that compare the "Patent Circuit" to an "Alleged DOE Circuit" do not align with the accused products or the asserted claims of the '645 Patent and are therefore irrelevant to the case. See ICM's Mem. at 21–27.

Honeywell responds that Dr. Dickens's testimony should be permitted because it is relevant for rebutting ICM's doctrine of equivalents ("DOE") infringement claims. Opp'n at 17–18. For the DOE, "[t]o establish infringement, every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent." Laitram Corp. v. Rexnord, Inc., 939 F.2d 1533, 1535 (Fed. Cir. 1991). In determining whether a limitation is met by a substantial equivalent, one test is the function-way-result test, which asks whether the accused structure performs substantially the same function, in substantially the same way, to

achieve substantially the same result as set forth in the patent claims. Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 608 (1950).

The Court agrees with Honeywell. Dr. Dickens circuit simulations attempt to simulate how the '645 Patent's claimed circuit would perform if modified based on what ICM alleges to be equivalent under the DOE. See Dickens Rpt. ¶¶ 99, 110, 114, 124, 172, 203, 216. This alleged equivalent is titled the "Alleged DOE Circuit." The purpose of these simulations is to demonstrate that the accused products are not equivalent to the "Alleged DOE Circuit" and therefore do not infringe the '645 Patent under the DOE. See id. The weight assigned to Dr. Dickens's simulated waveform testimony and whether Dr. Dickens's ultimate conclusion is correct that the accused products do not infringe the '645 Patent is best left to a fact finder. For these reasons, the Court denies ICM's Motion to exclude this portion of Dr. Dickens's testimony.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that ICM's motion to preclude (Dkt. No. 393) is **GRANTED in part and DENIED in part**. The portions of the Dickens Report (Dkt. No. 393-12) related to the argument that an actuator device requires movement are **EXCLUDED**. The rest of the Dr. Dickens's testimony may proceed; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     August 13, 2021
           Albany, New York

*[signature]*
Lawrence E. Kahn
Senior U.S. District Judge